Michael FREEMAN, Appellant,

v.

ALLIED STRUCTURAL STEEL
COMPANY, et al., Respondents,

Marion Freeman, et al., Defendants.

No. 47441.

Supreme Court of Minnesota.

March 10, 1978.

Fred Allen, Edmond T. Sexton, Minneapolis, for appellant.

Jardine, Logan & O'Brien, Donald M. Jardine and Kent E. Charpentier, St. Paul, for respondents.

Heard before ROGOSHESKE, PETERSON, and TODD, JJ., and considered and decided by the court en banc.

PER CURIAM.

This is an action for negligence brought by a pedestrian who was struck and injured in the roadway by an automobile. A jury found the plaintiff-pedestrian 100-percent negligent and plaintiff appeals from the judgment entered on the verdict and from an order denying his motion for a new trial.

The accident occurred during evening darkness on an east-west road in Lakeville, Minnesota. The eastbound automobile in which plaintiff was a passenger pulled off the roadway so that plaintiff could examine a cat which was lying near the center of the roadway. There is considerable conflict in the testimony as to whether the cat was lying in the east or westbound lane, but taking the evidence in the light most favorable to the jury's verdict, it appears the cat was located in the westbound lane.

Plaintiff, who was wearing a dark-colored coat with a white insignia on the back, left the vehicle in which he was riding, walked to the cat, and crouched down to examine it with his back to westbound traffic. Plaintiff was examining the cat when he suddenly turned around, stood up, and was struck by a westbound vehicle driven by defendant Paul Westgard. Westgard testified that he was traveling in his lane at a speed of 20 to 25 miles per hour and did not see plaintiff until he stood up and was 20 to 25 feet away. As a result of the impact plaintiff suffered fractures of his legs and pelvis and other internal injuries.

On appeal plaintiff's argument is an amalgamation of the contentions that Westgard was negligent as a matter of law and that the evidence is insufficient to support the verdict. We find no basis for overturning the jury's verdict on either of these grounds. On the facts of this case a reasonable jury could find that the accident was due entirely to plaintiff's negligence.

Affirmed.

OTIS, J., took no part in the consideration or decision of this case.